UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
2003 DEC 31 A 11:54
U.S. DISTRICT COURT
DISTRICT OF MASS.

IN RE: REQUEST FROM THE RUSSIAN )
FEDERATION FOR LEGAL ASSISTANCE PURSUANT ) M.B.D. NO.
TO THE TREATY BETWEEN THE UNITED STATES )
OF AMERICA AND THE RUSSIAN FEDERATION ON ) 04 MBD 10001
MUTUAL ASSISTANCE IN CRIMINAL MATTERS )
IN THE MATTER OF VLADIMIR NIKOLAYEVICH )
MAKHLAI AND EVGENIY ALEKSANDROVICH SMYKOV)
)

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION

This memorandum is submitted in support of the application of the United States for an order pursuant to Title 28, United States Code, Section 1782, appointing a Commissioner to collect evidence requested by the Investigating Committee with the Ministry of Internal Affairs of the Russian Federation ("Investigating Committee with the Russian MIA"), in its request, which we are executing pursuant to the Treaty between the Government of the United States of America and the Government of the Russian Federation on Mutual Legal Assistance in Criminal Matters, in force, January 31, 2002, hereinafter referred to as the Treaty.

The attached request sets forth the following:

(1) The Investigating Committee with the Russian MIA is investigating Vladimir Nikolayevich Makhlai ("Makhlai") and Evgeniy Aleksandrovich Smykov ("Smykov") for the illegal appropriation and embezzlement of money that belonged to

*Togliattiazot* Joint-Stock Company ("Togliattiazot"), the Russian Federation's biggest producer of nitrogen fertilizer.

(2) The offenses being investigated are violations of Part 3 of Article 160 of the Penal Code of the Russian Federation, which provides for criminal responsibility for "a large-size embezzlement of another's property entrusted to the guilty and performed by an organized group." A person convicted of such an offense is punishable by imprisonment for a term of 5 to 10 years with or without confiscation of property.

(3) The assistance by the United States is required because the investigation by authorities in the Russian Federation has revealed that from 1994-1997, Makhlai and Smykov as directors of Togliattiazot entered into contracts for the delivery of fertilizer to companies in the United States, Germany, and Switzerland. Copies of these contracts obtained by the Russian authorities demonstrate that Togliattiazot delivered ammonia and carbamide products to United States companies, including one in Massachusetts, at fixed prices well below the average world market price. Russian authorities have uncovered evidence that the United States Companies were charged and paid additional monies -- over and above the contract price -- for these products and transferred those additional monies to Swiss bank accounts, not belonging to Togliattiazot, at the instructions of Makhlai and Smykov. The money in these Swiss bank accounts, which

2

constituted earnings of Togliattiazot, was used at the discretion of Makhlai and Smykov.

(4) The information sought by this application would be discoverable were all persons and entities within the jurisdiction of the authorities of the Russian Federation.

This Court, pursuant to its statutory and inherent authority, may (1) order that persons within this District provide the evidence requested for use in a proceeding in a foreign country, (2) appoint a person to gather such evidence, and (3) establish the procedure pursuant to which the evidence requested shall be produced.

1. <u>Authority to grant a foreign request for assistance</u>

Title 28, Section 1782, provides in pertinent part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign . . . tribunal or upon the application of any interested person . . . .

Section 1782 was enacted:

> . . . to improve United States judicial procedures for . . . obtaining evidence in the United States in connection with proceedings before foreign . . . tribunals . . . .

Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), <u>reprinted in</u>

1964 U.S. Code Cong. & Admin. News 3782 [hereinafter 1964 U.S.C.C.A.N.]. By enacting Section 1782, Congress reaffirmed the inherent authority of district courts to grant foreign judicial assistance. In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464 (S.D.Fla. 1986), aff'd, 848 F.2d 1151, 1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989) [hereinafter Trinidad and Tobago]. More significantly, its enactment reflected Congress' desire to **increase** the power of district courts to respond to foreign requests for judicial assistance. In re Letters Rogatory From Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1218 (9th Cir. 1976) [hereinafter Japan I]. In sum, Section 1782 is a Congressional invitation to district courts to affirmatively act to execute foreign requests for judicial assistance.

    a.   Source of the foreign request for assistance

Foreign requests for judicial assistance may be made by a foreign court or tribunal, including an investigating magistrate or juge d'instruction. In re Letter of Request From the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991) [hereinafter France]; In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 405-406 (S.D.Fla. 1987) [hereinafter Haiti]. Foreign requests may also be made by "any interested person," such as a foreign legal affairs minister or public

4

prosecutor. <u>In re: Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan</u>, 16 F.3d 1016 (9th Cir. 1994) [hereinafter <u>Japan II</u>]; <u>In re Letter of Request from Crown Prosecution Service of United Kingdom</u>, 870 F.2d 686, 690 (D.C. Cir. 1989) [hereinafter <u>United Kingdom</u>]; <u>Trinidad and Tobago</u>, 648 F.Supp. at 466-67.

    b.  <u>The Constitution and Treaties</u>

A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. <u>Asakura v. City of Seattle, Washington</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801).

    c.  <u>Purpose for the foreign request for assistance</u>

Foreign requests for judicial assistance must be for the purpose of securing evidence "for use in a proceeding in a foreign . . . tribunal." This includes evidence needed in proceedings before investigating magistrates as well as in proceedings before conventional courts. <u>1964 U.S.C.C.A.N.</u> at 3788; <u>Haiti</u>, 669 F. Supp at 405-406. Section 1782 contemplates that district courts will facilitate evidence gathering prior to litigation; Congress amended Section 1782 to eliminate the need for a "pending" proceeding with the intention of expanding the availability of U.S. judicial procedures for obtaining evidence in the United States in connection with proceedings before

5

foreign tribunals.

    d. <u>The Treaty</u>.

The United States and Russia entered into the Treaty for the purpose of promoting judicial cooperation in criminal matters. The Treaty obliges each state to provide assistance in connection with the "prevention, suppression, and investigation of crimes; criminal prosecutions; and other proceedings related to such criminal matters." Art. 1(2). The assistance covered includes producing documents, taking testimony or statements, locating witnesses, and executing search and seizure requests. Art. 2.

    e. <u>Use of the Treaty to Execute Requests for Assistance</u>.

Article 7 governs the execution of requests, and provides that "[t]he competent authorities of the Requested Party shall do everything in their power to execute the request in a timely manner." Article 7(3) states that the laws of the Requested Party shall govern the execution of the request. Certain key obligations undertaken by each party in Article 10 (obtaining Testimony and Materials in the Territory of the Requesting Party) and Article 16 (Search and Seizure) are qualified by references to the requirements of each party's domestic laws. Additional procedures may be employed so long as such procedures do not violate laws of the Requested Party, Article 7(3). To this end, federal courts of the United States routinely utilize the "commission" procedure as authorized by Title 28, United States

6

Code, Section 1782, to ensure the execution of requests pursuant to a treaty.

2. <u>Authority to appoint a commissioner</u>

Section 1782 further provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the district court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal matters, a district court typically appoints an Assistant United States Attorney as commissioner. However, a district court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. <u>See</u>, <u>e.g.</u>, <u>In re Letter of Request from Supreme Court of Hong Kong</u>, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter <u>Hong Kong</u>].

Application to a district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled <u>ex parte</u>. <u>United Kingdom</u>, 870 F.2d at 688; <u>Japan I</u>, 539 F.2d at 1219.

3. <u>Authority to establish the evidence-collecting procedure</u>

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A district court has "complete discretion in prescribing the procedure to be followed." 1964 U.S.C.C.A.N. at 3789. When a district court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. <u>Japan II</u>, 16 F.3d 1016; <u>Hong Kong</u>, 138 F.R.D. at 32. However, as Section 1782 makes clear, when a district court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. <u>France</u>, 139 F.R.D. at 590-591.

Article 7(3) of the Treaty states that the laws of the Requested Party shall govern the execution of the request. Additional procedures may be employed so long as such procedures do not violate laws of the Requested Party, Article 7(3). Thus, the Treaty parallels 28 U.S.C. § 1782(b) by allowing laws applicable to domestic investigations and prosecutions of criminal matters to govern the execution of foreign legal assistance requests rather than, by default, the Federal Rules of

Civil Procedure.

Article 7(1) of the Treaty authorizes the "competent authorities of the Requested Party to do everything in their power to execute the request." Article 10 specifically authorizes the issuance of subpoenas as necessary to execute requests.

    a.    Commissioner's subpoena

If a district court so orders, a commissioner may use a commissioner's subpoena, to obtain the requested evidence. See, e.g., In re v. Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the District Court's order directing the use of Commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the district court for the production of evidence in accordance with Section 1782. See Title 28, United States Code, Section 1651. Upon authorization by a district court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request in the relevant district.

    b.    Notice of evidence taking

If a district court so orders, a commissioner may collect the evidence in accordance with procedures -- including those involving notice -- requested by the requesting court or

9

authority.[1]  In the absence of a request for a specific procedure, a district court can assume that the requesting court or authority has provided such notice as the foreign law requires, or that the foreign law does not require notice and the requesting court or authority does not consider notice to be necessary or useful.  In sum, if the requesting state has not requested notice, no notice need be provided.  Accordingly, to the extent that a request does not ask for specific notice procedures, a district court should authorize a commissioner to take the evidence without notice to any party other than the recipient of the commissioner's subpoena.

    4.   The Present Request

The instant request has been made by the Investigating Committee with the Russian MIA, the top investigation authority

---

[1] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings.  Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires.  Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice.  For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

within the Russian internal affairs structure, in connection with its investigation of Makhlai and Smykov. The request was forwarded to the U.S. Department of Justice by the Prosecutor-General's Office of the Russian Federation. Based upon the facts set forth in the Request for Assistance from the Investigative Committee, the request is clearly one contemplated by Congress when, in enacting Section 1782, it expanded the authority of federal courts to assist foreign governments. Makhlai and Smykov are being investigated by the Investigating Committee with the Russian MIA for offenses against the Penal Code of the Russian Federation.

Congress intended that the United States set an example to other nations by making judicial assistance generously available. <u>Trinidad and Tobago</u>, 848 F.2d at 1153-54. Accordingly, the government asks this Court, in the interests of comity, to issue the attached order under Section 1782 granting assistance for a proceeding in the Russian Federation, appointing Assistant United States Attorney B. Stephanie Siegmann as commissioner, and authorizing her to take the actions necessary, including the issuance of commissioner's subpoenas, to collect the evidence requested and to adopt such procedures in the receipt of the

11

evidence as are consistent with the intended use thereof in the Russian Federation.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                By: /s/ B. Stephanie Siegmann
                              B. STEPHANIE SIEGMANN
                              Assistant United States Attorney

Dated: December 31, 2003